UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| MATTHEW ORCHOWSKI,<br><br>                          Plaintiff,<br><br>    v.<br><br>URGO HOTELS LP, and DOE DEFENDANTS I-X,<br><br>                          Defendants. | Case No. 3:17-cv-00645-LRH-WGC<br><br>ORDER |

Defendant Urgo Hotels LP moves to dismiss plaintiff Matthew Orchowski's complaint. ECF No. 5. Orchowski opposes the motion, to which Urgo Hotels replies. ECF Nos. 7, 8. Because the complaint fails to allege exhaustion of administrative remedies available through the Equal Employment Opportunity Commission ("EEOC") as required for claims brought under Title VII of the Civil Rights Act of 1964, the court now grants Urgo Hotels' motion to dismiss.

**I.    BACKGROUND**

Orchowski sues Urgo Hotels, alleging sexual harassment in the workplace and retaliation in violation of Title VII. ECF No. 1. The court takes the following factual allegations from Orchowski's complaint.

Orchowski was employed by Urgo Hotels from May 2016 to January 2017. *Id.* ¶ 7. Tristan Wood served as the director of operations for Urgo Hotels during Orchowski's employment, which was a "position far superior to [Orchowski's position]." *Id.* Wood subjected Orchowski to actions and to statements constituting sexual harassment during Orchowski's

1

employment. *Id.* When Orchowski reported Wood's conduct to the human resource department, Dana Moreland (the human resources manager) failed to remedy the issues. *Id.* ¶ 8.

After Orchowski complained to the human resource department, Wood isolated Orchowski in the workplace and denied him work-related information. *Id.* Orchowski complained of Wood's conduct a second time during a meeting with Moreland and Wood. *Id.* ¶ 9. During the meeting, Orchowski indicated that he was unable to tolerate Wood's conduct any longer and was therefore unable to work the graveyard shift with Wood. *Id.* Urgo Hotels terminated Orchowski's employment approximately one week later. *Id.*

Urgo Hotels now moves to dismiss the complaint in its entirety, arguing that Urgo Hotels is an improper party and that Orchowski failed to demonstrate exhaustion of administrative remedies as required for causes of action brought under Title VII. ECF No. 5. Orchowski opposes the motion and attaches a right-to-sue letter to his opposition. ECF No. 7.

## II.  DISCUSSION

A plaintiff must exhaust administrative remedies through the EEOC prior to filing a Title VII claim in federal court. *E.E.O.C. v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994); *see also Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1104 (9th Cir. 2008). In his complaint, Orchowski fails to allege such exhaustion. He does not allege that he filed a complaint with the EEOC; he does not allege that he received a right-to-sue letter from the EEOC; and he does not allege that he took any steps to exhaust the administrative remedies available through the EEOC. The court therefore finds the complaint deficient for failing to allege administrative exhaustion as required for Title VII claims and dismisses the complaint as a result.

However, the court dismisses the complaint without prejudice. "'[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.'" *OSU Student All. v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc)). In his opposition, Orchowski argues he exhausted the administrative remedies as required. He also attaches a right-to-sue letter in support of his argument. Accordingly, although Orchowski did not explicitly request leave to amend his complaint, the court grants

2

Orchowski twenty days from the entry of this order to file an amended complaint to cure the above-identified deficiencies.

Because the court dismisses Orchowski's complaint on the above grounds, the court does not reach the issue of whether Urgo Hotels is an improper party.

### III. CONCLUSION

IT IS THEREFORE ORDERED that defendant Urgo Hotels LP's motion to dismiss (ECF No. 5) is **GRANTED.**

IT IS FURTHER ORDERED that Matthew Orchowski's complaint (ECF No. 1) is **DISMISSED without prejudice.** Orchowski shall have twenty days from the entry of this order to file an amended complaint.

IT IS SO ORDERED.

DATED this 3rd day of January, 2018.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE